**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**
_____

**CHRISTIAN MARIE URLACHER, et al.,**
          **Plaintiffs,**

**v.**                                                                                     **Case No. 14-cv-0952**

**LIFE INSURANCE COMPANY OF
NORTH AMERICA, et al.,**
          **Defendants.**
_____

## **DECISION AND ORDER**

Plaintiffs, beneficiaries of their mother's group life insurance policy, bring this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., to recover benefits due under an employer-sponsored group life insurance plan. Before me now are two motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Plaintiffs' mother Karen Dahlke worked for defendant Landmark Credit Union and participated in Landmark's group life insurance plan during her term of employment, which was insured by defendant Life Insurance Company of North America ("LINA"). Once her employment with Landmark ended, her eligibility to participate in the plan ended as well, but she had the option of converting her group life insurance coverage to individual coverage. After Dahlke's death, LINA denied plaintiffs' application for benefits, citing Dahlke's failure to convert her group coverage within the time limits prescribed by the policy. Plaintiffs claim that neither they nor Dahlke ever received notice of the need to convert, as required by the plan, and they therefore are entitled to benefits. They further allege that LINA breached its fiduciary duty by wrongly interpreting the policy and denying them benefits and that Landmark breached its fiduciary duty by failing to provide notice of

the need to convert Dahlke's life insurance benefits. Both defendants moved to dismiss.

To survive defendants' motions to dismiss, plaintiffs' complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). I accept the complaint's factual allegations as true, but allegations in the form of legal conclusions are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The parties do not dispute that ERISA governs the group insurance plan at issue. ERISA allows beneficiaries to bring suit "to recover benefits due to [them] under the terms of [a] plan." 29 U.S.C. § 1132(a)(1)(B). Generally, a claim for benefits due under § 1132(a)(1)(B) should be brought against the party who is responsible for paying benefits. *Brooks v. Pactiv Corp.*, 729 F.3d 758, 764 (7th Cir. 2013). Thus, the appropriate defendant under this section is LINA, not Landmark. *See* Am. Compl. at 2 (ECF No. 8) (acknowledging that LINA made all benefit eligibility determinations and was responsible for paying benefits due under the plan). A claim for benefits under § 1132(a)(1)(B) is "essentially a contract remedy under the terms of the plan." *Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 911–12 (7th Cir. 2013) (internal quotations and citation omitted). Thus, I look to the terms of the plan to determine whether plaintiffs are entitled to benefits.

Under the policy, group life insurance coverage terminates when the employee-participant is no longer in "active service" and has exhausted available continuation options. Am. Compl. Ex. 1 at 10 (ECF No. 8-1). The parties agree that Dahlke's last day of work was June 7, 2013, and her group insurance coverage terminated on August 30, 2013. The policy allows participants to convert their group coverage to individual coverage by submitting a conversion application and paying a premium within 31 days of coverage

ending. *Id.* at 12. The parties agree that this 31-day period for Dahlke ended September 30, 2013. However, if a participant does not receive timely notice of her conversion rights, "the conversion period will be extended," but "[i]n no event will the conversion period be extended beyond 90 days." *Id.* at 13.

The parties disagree on the meaning of this section. LINA argues that this section means that the entire conversion period, including the initial 31-day period, will not last more than 90 days, and that Dahlke's extended conversion period ended November 28, 2013 (90 days after August 30, 2013, when her initial 31-day period began). Plaintiffs argue that this section extends the conversion period by 90 days, in addition to the 31-day period, and that Dahlke's extended conversion period ended December 30, 2013 (90 days after September 30, 2013, when her initial 31-day period expired). Plaintiffs argue this dispute is significant because Dahlke passed away December 26, 2013, and thus under plaintiffs' interpretation, still during her extended conversion period.

I need not resolve this dispute because even under plaintiffs' interpretation, plaintiffs are not entitled to benefits under the terms of the plan. The policy provides that if a participant dies after the 31-day period but during the extended conversion period, LINA is only obligated to pay benefits if the participant filed a conversion application with LINA and paid the required premium. *Id.* Even if I accept plaintiffs' interpretation and conclude that Dahlke died during her extended conversion period, it is undisputed that she did not file a conversion application or pay the required premium at the time of her death. Thus, under the terms of the plan, plaintiffs are not entitled to benefits.[1]

---

[1] Because plaintiffs are not entitled to benefits under the terms of the plan, their claim that LINA breached its fiduciary duty by wrongly interpreting the plan and denying

3

In their brief, plaintiffs argue that I should not dismiss their claims against LINA because it caused Dahlke's conversion rights to lapse by failing to inform her of her conversion rights, citing *Swaback v. Am. Info. Techs. Corp.*, 103 F.3d 535, 542 (7th Cir. 1996) ("[A] party who prevents the occurrence of a condition precedent may not stand on that condition's non-occurrence to refuse to perform his part of the contract."). However, in their complaint, plaintiffs allege only that LINA breached its fiduciary duty "by its wrongful interpretation of the conversion clause in the policy," not that LINA breached an obligation under the policy to notify Dahlke of her conversion rights. Am. Compl. at 6 (ECF No. 8). The only party plaintiffs allege had a duty to make them aware of Dahlke's conversion rights and did not do so is Landmark. *Id.* at 4, 6. Thus, plaintiffs complaint does not state a plausible claim that LINA breached its contractual duty to notify Dahlke of her conversion rights. Because plaintiffs have not stated any plausible claim for relief against LINA, I will grant LINA's motion to dismiss.

Plaintiffs also allege that Landmark had a fiduciary duty to notify Dahlke of the need to convert her coverage and failed to do so, and that breach caused her conversion period to lapse. A breach of fiduciary duty is actionable under § 1132(a)(3), *Brooks*, 729 F.3d at 765, which allows beneficiaries to bring suit "to obtain other appropriate equitable relief." § 1132(a)(3).[2]

---

benefits also fails.

[2] Landmark argues that plaintiffs may not pursue a claim against it under § 1132(a)(3) because they are also pursuing a claim against LINA under § 1132(a)(1)(B). *See Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996) (concluding that relief is only available under § 1132(a)(3) when plaintiffs have no other adequate remedy at law); *Mondry v. Am. Family Mut. Ins. Co.*, 557 F.3d 781, 805 (7th Cir. 2009) (same). Because I have determined that plaintiffs' claim for benefits against LINA fails as a matter of law,

Under ERISA, "a person is a fiduciary to the extent that (I) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." § 1002(21)(A). Plaintiffs' complaint alleges that Landmark is the plan administrator, which qualifies it as a fiduciary under ERISA. *Brooks*, 729 F.3d at 765 (citing § 1002(21)(A)(iii)).[3] However, because Landmark served as both employer and plan administrator, it wore two hats, and I therefore must determine whether Landmark was acting as a fiduciary when it took the action (or failed to take the actions) alleged in the complaint. *Id.*

Plaintiffs allege that Landmark's fiduciary duty arose in two ways: first, through the language of the policy which plaintiffs argue required Landmark to provide notice of conversion rights, and second under the general duty of a fiduciary to disclose material

---

it appears that plaintiffs have no other adequate remedy and thus may proceed with a claim under § 1132(a)(3).

[3] Landmark argues that because LINA had sole discretion and authority to determine eligibility for benefits under the plan, Landmark was not a fiduciary in any capacity. However, as plan administrator, Landmark still maintained some fiduciary responsibilities under ERISA. For example, giving participants information about plan benefits, as Landmark allegedly did in October 2013 when plaintiffs requested forms and information about Dahlke's life insurance benefits, is an administrative, fiduciary function. *Varity Corp. v. Howe*, 516 U.S. 489, 502–03 (1996) (concluding that an employer acted in an administrative function and therefore as a fiduciary when it made representations to employees regarding the future of the employees' benefits); *see also* Susan P. Serota & Frederick A. Brodie, *ERISA Fiduciary Law* 15:II.A. (2d ed. 2006) ("As a practical matter, the [*Varity*] decision means that, absent unusual circumstances, employers are likely to be held to fiduciary duties when discussing benefit plans with employees.").

5

information. Turning first to the language of the policy, the conversion section states:

> *Extension of Conversion Period*
> If an Insured is eligible for conversion insurance and is not notified of this right at least 15 days prior to the end of the 31-day conversion period, the conversion period will be extended. The Insured will have 15 days from the date notice is given to apply for conversion insurance. In no event will the conversion period be extended beyond 90 days. Notice, for the purposes of this section, means written notice presented to the Insured by the Employer or mailed to the Insured's last known address as reported by the Employer.

Am. Compl. Ex. 1 at 13 (ECF No. 8-1). Although the policy contemplates a participant receiving notice of her right to convert, it does not require Landmark, or LINA, to provide such notice; it merely provides that a participant who does not receive notice, as defined by the policy, is entitled to a longer conversion period than a participant who does receive notice. Thus, I agree that plaintiffs cannot show that Landmark had an obligation under the terms of the policy to provide notice.

However, fiduciaries do have a duty to communicate complete and correct material information to participants. *Kenseth v. Dean Health Plan, Inc.*, 610 F.3d 452, 467–68 (7th Cir. 2010) (concluding that "once a beneficiary makes known his predicament," a fiduciary has a "duty to communicate complete and material information about a beneficiary's status and options"). This duty exists even when a beneficiary does not ask the fiduciary for information. *Id.* at 468. In their complaint, plaintiffs allege that they contacted Landmark twice in October 2013, once to request beneficiary forms and once to inquire as to the dollar amount of Dahlke's life insurance benefits, and that Landmark failed to advise plaintiffs of the need to convert the life insurance coverage despite that fact that in October 2013, Dahlke was in the midst of her extended conversion period. Whether Landmark was acting in a fiduciary capacity at the time of these communications and whether the

6

communications triggered Landmark's obligation to disclose Dahlke's conversion rights is a fact-intensive question not suitable for resolution on a motion to dismiss. For now, the facts alleged in the complaint are sufficient to state a plausible claim that Landmark, in its capacity as plan administrator, breached its fiduciary duty to communicate material information regarding the need to convert benefits, and that Landmark's breach caused Dahlke's conversion period to lapse.

Landmark argues, however, that even if it had a fiduciary duty and it breached that duty, plaintiffs cannot maintain a claim against it under § 1132(a)(3) because that section does not authorize the type of remedy plaintiffs seek. Section 1132(a)(3) only authorizes equitable relief. *Kenseth*, 610 F.3d at 481–82. Here, plaintiffs seek money damages, but "relief tak[ing] the form of a money payment does not remove it from the category of traditional equitable relief." *CIGNA Corp. v. Amara*, 131 S. Ct. 1866, 1880 (2011). "Equity courts possessed the power to provide relief in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment," a remedy known as a surcharge. *Id.*

In their complaint, plaintiffs request "additional relief as the Court deems fit and proper," which is a sufficient request for equitable relief under § 1132(a)(3). *See Gearlds v. Energy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013). If plaintiffs can prove that Landmark breached a fiduciary duty and that the breach caused their damages, make-whole relief may be an appropriate equitable remedy under § 1132(a)(3). *Amara*, 131 S. Ct. at 1880 (concluding that where a defendant acts as a "trustee" or fiduciary, make-whole relief is available under § 1132(a)(3)); *Kenseth v. Dean Health Plan, Inc.*, 722 F.3d 869,

7

882 (7th Cir. 2013).

Landmark also requests that I award it reasonable attorneys' fees because plaintiffs knew or should have known that Landmark should not have been a defendant in this action. Because I am not dismissing all claims against Landmark, I deny their request.

**THEREFORE, IT IS ORDERED** that Life Insurance Company of North America's motion to dismiss (ECF No. 13) is **GRANTED**. The Clerk shall terminate Life Insurance Company of North America as a party.

**IT IS FURTHER ORDERED** that Landmark Credit Union's motion to dismiss (ECF No. 15) is **GRANTED in part and DENIED in part**. Plaintiffs' § 1132(a)(1)(B) claim and breach of fiduciary duty claim that Landmark breached its fiduciary duty by not providing notice under the terms of the policy are dismissed. Plaintiffs may proceed with a claim under § 1132(a)(3) that Landmark breached its fiduciary duty by failing to communicate Dahlke's need to convert her life insurance coverage despite plaintiffs contacting Landmark regarding the plan.

Dated at Milwaukee, Wisconsin, this 27th day of April, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge